USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
IN RE                         :    MDL No. 1409
                              :    M 21-95
CURRENCY CONVERSION FEE       :
ANTITRUST LITIGATION          :    MEMORANDUM & ORDER
                              :
------------------------------x
THIS DOCUMENT RELATES TO:     :
                              :
ALL CASES                     :
------------------------------x

WILLIAM H. PAULEY III, District Judge:

        This multi-district litigation concerns a price-fixing conspiracy related to foreign currency conversion fees by VISA, MasterCard, and their member banks. This Court granted final approval of the Settlement between the Class and the Defendants on October 22, 2009 (the "Settlement"). See In re Currency Conversion Fee Antitrust Litig., 263 F.R.D. 110 (S.D.N.Y. 2009). Twelve separate appeals from this Court's final judgment were filed. By Memorandum and Order dated March 5, 2010 (the "March 5 Order"), this Court granted Class Counsel's motion pursuant to Fed. R. App. P. 7 requesting that appellants post appeal bonds, and ordered appellants to jointly and severally post an appeal bond of $50,000. Appellant Herbert Berger ("Berger") now moves for reconsideration of the March 5 Order. For the following reasons, Berger's motion is denied.

## DISCUSSION

        Local Civil Rule 6.3 allows a party to move for reconsideration of a court's decision in light of "matters or controlling decisions which counsel believes the court has overlooked." Reconsideration of an order is an "extraordinary remedy to be employed sparingly in the interests of finality and [to conserve] scarce judicial resources." Parrish v. Sollecito, 253

F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "[R]econsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Asia Project Servs. Ltd. v. Usha Martin Ltd., No. 09 Civ. 5084 (WHP), 2010 WL 1644891, at *1 (S.D.N.Y. Apr. 8, 2010) (quotations omitted). Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "cannot assert new arguments or claims which were not before the court on the original motion." Koehler v. Bank of Berm., Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (citing Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 346 (S.D.N.Y 1999)). Thus, reconsideration allows a court to correct a clear error, prevent manifest injustice, or take newly available evidence into account. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Parrish, 253 F. Supp. 2d at 715.

Berger moves for reconsideration on two principal grounds: that the Court (1) miscalculated the costs of the objectors' appeals; and (2) failed to consider work he performed on the notice documents relating to the Settlement. Both of Berger's arguments are unavailing.

As to the costs of the objectors' appeals, Berger simply disagrees with this Court's estimate of those costs. However, "a motion for reconsideration is 'not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion." Drayton v. Toys 'R' Us, Inc., No. 07 Civ. 6315 (RMB), 2009 WL 2905783, at *2 (S.D.N.Y. Sept. 9, 2009) (citations omitted). In its March 5 Order, this Court determined that a $50,000 appeal bond was

2

warranted for an appeal that involves a voluminous record and multiple appellants who refuse to consent to the consolidation of their appeals. This Court will not engage Berger in a granular examination of the number of pages to be printed on appeal or the price per page. See Mr. Water Heater Enters., Inc. v. 1-800-Hot Water Heater, LLC, No. 08 Civ. 10959 (WHP), 2010 WL 286683, at *2 (S.D.N.Y. Jan. 20, 2010) ("A motion for reconsideration is not an opportunity to quibble with the Court . . . .").

Berger's second contention—that this Court overlooked work he performed on the Settlement's notice documents—is a mere recapitulation of his earlier opposition to Class Counsel's motion. Indeed, Berger literally "cut" several paragraphs from his opposition brief and "pasted" them into his brief on this motion for reconsideration. Local Civil Rule 6.3 does not countenance regurgitation. Unfortunately for Berger, reconsideration is employed sparingly specifically to dissuade these types of "'repetitive arguments on issues that have already been considered fully by the court.'" Levitt v. Lipper Holdings, LLC, Nos. 03 Civ. 0266 (RO) 03 Civ. 1144 (RO), 2006 WL 944450, at *1 (S.D.N.Y. Apr. 12, 2006) (quoting Caleb & Co. v. E.I. DuPont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y.1985)). This Court considered and rejected the arguments Berger made in opposing the appeal bond, and will not reconsider them merely because Berger desires a different result. See B.D. Cooke & Partners Ltd. v. Certain Underwriters at Lloyd's, London, No. 08 Civ. 3435 (RJH), 2010 WL 779783, at *2 (S.D.N.Y. 2010) ("The plaintiff has made this argument before, in precisely the same form, and it has already been rejected.").

3

## CONCLUSION

For the foregoing reasons, Berger's motion for reconsideration is denied.

Dated: May 21, 2010
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Merrill G. Davidoff, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
*Co-Counsel for Plaintiffs*

Bonny E. Sweeny, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101
*Co-Counsel for Plaintiffs*

Dennis Stewart, Esq.
Hulett Harper Stewart
550 West C Street, Suite 1700
San Diego, CA 92101
*Co-Counsel for Plaintiffs*

David F. Graham, Esq.
Sidley Austin LLP
10 South Dearborn Street
Chicago, IL 60603
*Attorneys for Defendants Citigroup, Inc., Citibank (South Dakota), N.A., Universal Bank, N.A., Universal Financial Corp., and Citicorp Diners Club, Inc.*

Christopher R. Lipsett, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
520 Madison Avenue
New York, NY 10022
*Attorneys for Defendants MBNA Corporation and MBNA America Bank, N.A.*

Jay N. Fastow, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
*Attorneys for Defendant MasterCard International, Inc.*

Fiona A. Schaeffer, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
*Attorneys for Defendant MasterCard International Inc.*

Brian P. Brosnahan, Esq.
Kasowitz, Benson, Torres & Friedman LLP
101 California Street
Suite 2050
San Francisco, CA 94111
*Attorneys for Defendants Visa U.S.A., Inc. and Visa International Service Association*

Robert D. Wick, Esq.
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004

Peter E. Greene, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
*Attorneys for Defendants J.P. Morgan Chase & Co., Chase Manhattan Bank, USA, N.A., and The Chase Manhattan Bank Attorneys for Defendants Bank One Corp. and Bank One, Delaware, N.A.*

Mark P. Ladner, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
*Attorneys for Defendants Bank of America Corp. and Bank of America N.A. (USA)*

George A. Cumming, Jr., Esq.
Morgan, Lewis & Bockius LLP

One Market, Spear Street Tower
San Francisco, CA 94105
*Attorneys for Defendants Household International, Inc. and Household Bank (SB), N.A.*

Alan S. Kaplinsky, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
*Attorneys for Defendants Providian Financial Corp., Providian National Bank and Providian Bank*